IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINDA S. HELM,<br><br>                Plaintiff,<br><br>vs.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>                Defendant. | **8:21CV367**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant's, Freedom Mortgage Corporation ("Freedom"), Motions to Refer the case asserted by Plaintiff, Linda S. Helm to the United States Bankruptcy Court *In re Linda S. Helm*, case number 16-81876-TLS. Filing Nos. 28, 29, and 30.[1] Defendant argues that "[t]his proceeding is a core proceeding over which the bankruptcy court has concurrent jurisdiction within the meaning of 28 U.S.C. § 157(b)(1) as Plaintiff's claims herein constitute property of the estate under 11 U.S.C. § 1306(a) and were scheduled by the Plaintiff as property of the estate" and asks the Court to refer this case to the bankruptcy court. Filing No. 30 at 1.

## BACKGROUND

Plaintiff's first count alleges the defendant violated statutes 12 C.F.R. §§ 1024.36(d), 2605(k) by its failure to timely and properly respond to Plaintiff's Request for Information (RFI) #1 & #2. Filing No. 19 at 13, First Amended Complaint. Count II alleges

---

[1] Filing Nos. 28 and 29 are duplicate filings. Filing No. 29 is incorrectly labeled "Motion to Strike" on the docket sheet. Likewise, Filing No. 30 is an additional duplicate, however, it does include exhibits whereas Filing Nos. 28 and 29 do not. As such, all three filings will be treated as the same Motion to Refer.

1

violations of 12 C.F.R. §§ 1024.35(e), 2605(e), 2605(k) by the Defendant for failing to timely and properly respond to Plaintiff's Notices of Error (NOE) #1, #2, #3, #4 and #5. Id. at 17. Plaintiff is seeking an award of actual damages for Counts I & II, statutory damages in the amount of $14,000.00 ($2,000 for each violation), and attorney fees and costs. Id. at 24.

Helm filed for bankruptcy protection under Chapter 13, Title 11 of the United States Code in the United States Bankruptcy Court for the District of Nebraska on December 16, 2016. Id. at 4. On January 31, 2017, Gateway Mortgage Group, LLC (non-party), asserted a claim against Helm's home and the bankruptcy estate based upon the loan. Id. On March 18, 2020, Gateway Mortgage transferred the Bankruptcy claim to Freedom. Id.

Due to the Bankruptcy, Freedom would not accept online or check payments from Plaintiff, and instead required her to remit all loan payments via cashier's check or certified check. Id. On or about March 3, 2020, Plaintiff sent cashier's check in the amount of $434.69, to Freedom. Id. On March 17, 2020, Freedom informed Helm that her check could not be processed, because of a "damaged MICR line,"[2] and returned a copy of the torn check to Helm. Id. On March 25, 2020, Helm mailed a second cashier's check, in the amount of $869.32 to satisfy the March and April payments. Id. at 5.

On May 1, 2020, Helm's counsel sent two separate letters to Freedom: (1) RFI seeking information as to the identity and contact information for the owner of the Loan and a payoff statement for the Loan ("RFI #1"); and, (2) RFI requesting information and/or documents related to the Loan, including, a life of loan transaction history, servicing notes,

---

[2] An MICR line is the magnetic ink that encodes account and routing information at the bottom of checks and money orders.

2

any broker's price opinions, the physical location of the original note, a copy of the original note, recent escrow analyses, a reinstatement quote, and information related to loss mitigation ("RFI #2"). *Id.* Freedom received both requests around May 7, 2020. *Id.* at 6.

On May 4, 2020, Helm's counsel sent Freedom a NOE ("NOE #1") for refusing to accept Helm's March 3, 2020, payment, and alleging that if any fees incurred because of that error, such fees would be additional errors pursuant to 12 C.F.R. § 1024.35(b)(5). *Id.* NOE #1 was received by Freedom on or before May 15, 2020. *Id.* As of July 6, 2020, Helm had received no response from Freedom regarding RFI #1, so a second NOE ("NOE #2) was sent for failure to properly respond as required by 12 C.F.R. § 1024.36(d) and 12 U.S.C. § 2605(k)(1)(D), via certified mail. *Id.* Freedom received NOE #2 on or before July 14, 2020. *Id.* at 7.

By August 14, 2020, Helm had not received a response from Freedom regarding RFI #2 and NOE #1. This prompted Helm's counsel to send a third NOE ("NOE #3) addressing failure to properly respond to NOE #1 and failure to properly respond to RFI #2, via Certified Mail. *Id.* Freedom received it on or before August 22, 2020. *Id.*

By September 8, 2020, Helm had received no response to NOE #3 and sent a fourth NOE ("NOE #4") addressing failure to properly respond to NOE #3, via Certified Mail. *Id.* Freedom received NOE #4 on or before September 28, 2020. *Id.* at 8. As of April 23, 2021, Helm had not received a response to NOE #4. *Id.*

In October, Helm accepted a job out of state and on October 25, 2020, accepted an offer for the sale of her home, with the purchasers to take possession on December 9, 2021. Filing No. 19 at 8. On October 27, 2020, Helm filed a motion to sell her home

free and clear of the bankruptcy proceedings under 11 U.S.C. § 363(f). Filing No. 19 at 8. Helm's Motion was granted on November 18, 2020. Filing No. 30-2 at 5.

Freedom responded to NOE #2 on November 6, 2020, stating that FHA Ginnie Mae was the investor on the loan, a payoff statement was being mailed under separate cover, and apologized for any inconveniences. Filing No. 19 at 8. Helm never received the payoff statement from Freedom. *Id.* at 9. On December 1, 2020, the title company for the sale of Helm's home, Stewart Title, sent a request to Freedom asking for a payoff statement on behalf of Helm. *Id.* After no response, Stewart called Freedom on December 7, 2020, and was told they would have the statement by December 11, 2020. *Id.*

On December 11, 2020, no payoff statement arrived, and Stewart Title called Freedom again, where they were advised that a letter would be mailed on December 14, 2020. *Id.* On December 14, 2020, when the statement did not arrive, Stewart Title again called Freedom was informed, for the first time, that the statement was delayed due to attorneys' fees in the bankruptcy court and that Stewart Title would have the statement by December 18, 2020. *Id.* at 10. Stewart Title did not receive a payoff statement from Freedom until December 21, 2020. *Id.*

Due to the payoff statement delay, the closing of the home was pushed back, and the statement included a demand for an "unpaid late charge" of $7.93 and for "additional items due" in the amount of $500 for attorney fees in Bankruptcy. *Id.* On February 23, 2021, Helm's attorney sent a fifth NOE ("NOE #5") for failure to provide a timely and accurate payoff statement, via Certified Mail. *Id.* Freedom received NOE #5 on or before March 15, 2021, but as of April 23, 2021, Helm has not received a response. *Id.*

## DISCUSSION

Helm has not objected to Defendant's Motion to Refer the Reference to Bankruptcy Court. The Court recognizes that the Plaintiff's Bankruptcy case is still active in the United States Bankruptcy Court. Filing No. 19 at 4. Having reviewed all of the pleadings and exhibits, the Court finds this case should be referred to Bankruptcy Court. The Court finds that the Bankruptcy Court has concurrent jurisdiction under 28 U.S.C. § 157(b)(1) as Plaintiff's claims herein constitute property of the estate under 11 U.S.C. § 1306(a). Accordingly, the Court will grant defendant's motion to refer.

**THEREFORE, IT IS HEREBY ORDRED that:**

1. Defendant's Motion to Refer the Reference, Filing No. 30, is granted.
2. Defendant's Motions to Refer and to Strike, Filing Nos. 28 and 29, are denied as moot.
3. This case shall be terminated for statistical purposes by the Clerk of the Court for the District of Nebraska.
4. The Clerk of the Court for the District of Nebraska shall deliver the court file to the Clerk of the Bankruptcy Court for the District of Nebraska.

Dated this 7th day of February 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge